UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| KELLY KOERNER, | ) | |
| | ) | |
| Plaintiff, | ) | 03:91-CV-00081-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RON ANGELONE *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the court is Defendants' Motion to Terminate Permanent Injunction (# 325). Plaintiff Kelly Koerner ("Koerner") has not filed an opposition, but has filed five Motions for Extensions of Time (## 329, 333, 334, 336, 338) to oppose Defendants' motion. Although Defendants initially did not oppose an extension of time (# 332), Defendants have filed oppositions (## 335, 337) to further extensions of time.

Also before the court is Koerner's Motion to Unseal Exhibits (# 330). Defendants initially filed an opposition (# 331) that was later withdrawn (# 335). Finally, before the court are Koerner's Motions to Correct Violation of Permanent Injunction (## 322, 323) along with a request for the submission of the motions (# 324).

**I. Factual Background**

Kelly Koerner is an inmate serving a life sentence without the possibility of parole. During his imprisonment, Koerner purchased a word processor from a canteen located within the Northern

Nevada Correctional Center.  Following Koerner's purchase, the Nevada Department of Corrections ("NDOC") changed its administrative regulations to prohibit inmate possession of word processors or typewriters with memory.  However, the NDOC permitted inmates who possessed such a device to continue to possess it for the duration of its life or until the inmate was transferred to another NDOC facility.

At some point following the change in administrative regulations, prison officials labeled Koerner's word processor as contraband and seized it for violating the new regulations.  As a result of this action, the court issued a permanent injunction on April 1, 1996, which allowed Koerner to possess a word processor in order to assist his attorney in litigating his petition for habeas corpus.

In 1999, Koerner's word processor required repair.  However, the parts required to repair the machine were unavailable, and Koerner ultimately received a replacement word processor.  This replacement word processor was eventually confiscated following Koerner's transfer from the Northern Nevada Correctional Center to Ely State Prison.  That action resulted in the modification of the permanent injunction on March 19, 2001.  In its March 19, 2001, Order, the court stated, "[o]nce the plaintiff's habeas corpus excursion is at an end, the Court may be induced to revisit the issue of the continuing need for the injunction, insofar as the *raison d'etre* for the word processor may then have reached its end." (March 19, 2001, Order (# 317) at 18.)  On March 20, 2006, the United States Supreme Court denied Koerner's petition for a *writ of certiorari*.

Defendants have presented evidence demonstrating that Koerner's possession of the word processor has resulted in a number of disciplinary proceedings.  Koerner has been charged with possessing excessive data disks.  Koerner has been written up for possessing other inmates' legal materials, and the NDOC has found contraband concealed in Koerner's word processor.

**II. Discussion**

Rule 60(b) of the Federal Rules of Civil Procedure confers upon the court the power to modify or dissolve permanent injunctions.  Fed. R. Civ. P. 60(b); *N. Alaska Envtl. Center v. Lujan*,

2

961 F.2d 886, 889 (9th Cir. 1992). Rule 60(b)(5) provides that "the court may relieve a party . . . from a final judgment, order or proceeding . . . [i]f the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5). In addition to Rule 60(b)(5), this court has the inherent power to dissolve a permanent injunction. *Lujan*, 961 F.2d at 889 (citing *Elgin Nat'l Watch Co. v. Barrett*, 213 F.2d 776, 778-79, 780 (5th Cir. 1954)).

In this case, NDOC is seeking to terminate the permanent injunction and all modifications thereto on the grounds that the purpose of the injunction no longer exists and the terms of the injunction present a security threat and hardship upon NDOC. Although Koerner has failed to file an opposition, he has indicated that his word processor continues to be necessary to litigate his three active cases along with a habeas corpus action he intends to file in state court. (Mot. to Correct violation of Permanent Inj. (# 322) at 2.) Koerner has also indicated that he has been unable to oppose NDOC's motion because he has no access to a law library or his "legal boxes." (Mot. for Extension of Time - 5th Request (# 338).)

Motions to extend time are governed by Rule 6(b) of the Federal Rules of Civil Procedure. Rule 6(b) gives the court discretion to order the enlargement of time for cause shown. Fed. R. Civ. P. 6(b). However, the court's discretion under the rule shall be "administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The present motion to terminate the permanent injunction was filed on July 31, 2006. Since that time, Koerner has filed five motions to extend the deadline for him to file an opposition. Koerner's latest request seeks an extension of time to December 4, 2006. (Mot. for Extension of Time - 5th Request (# 338). In light of the fact that NDOC's motion was filed approximately three months ago and Koerner has yet to file an opposition, this court will deny Koerner's motions in order to secure the just, speedy, and inexpensive determination of this action

1       With respect to NDOC's motion to terminate permanent injunction, the court finds that the
2  continuation of the injunction is no longer equitable.  As previously stated, the injunction was
3  issued in this case in order to assist Koerner in litigating his petition for habeas corpus.  On March
4  20, 2006, the United States Supreme Court denied Koerner's petition for a *writ of certiorari*
5  bringing Koerner's habeas corpus excursion to an end and ending the continuing need for a
6  permanent injunction.  To the extent Koerner is pursuing other legal actions, such actions are not
7  relevant to this case and cannot justify a continuing need for a permanent injunction.

8       In addition to the case at bar coming to an end, NDOC has presented evidence indicating
9  that Koerner's continuing possession of a word processor presents a security threat and imposes
10 hardship on NDOC.  The evidence indicates that NDOC staff are required to spend excessive time
11 monitoring packages received containing word processor supplies along with properly searching
12 the word processor for contraband.  (Mot. to Terminate Permanent Inj. (# 325), Exs. W - AA.)  The
13 NDOC has also presented evidence indicating that Koerner's possession of his word processor is a
14 source of hostility and resentment from other inmates.  (Mot. to Terminate Permanent Inj. (# 325),
15 Exs. W, X, Z.)  The evidence further indicates that Koerner has used his word processor to perform
16 unauthorized legal work in exchange for favors from other inmates.  (Mot. to Terminate Permanent
17 Inj. (# 325), Exs. P, R, S, X, Y, Z.)  In light of the foregoing, the court finds that it is no longer
18 equitable to permit Koerner to possess a word processor that would otherwise violate NDOC
19 regulations.

20      IT IS THEREFORE ORDERED that Defendants' Motion to Terminate Permanent
21 Injunction (# 325) is hereby GRANTED.  The permanent injunction issued in this case, along with
22 the modifications subsequently made, is hereby DISSOLVED.  However, Defendants shall provide
23 Koerner a reasonable opportunity to retrieve any data currently stored on disk or in the word
24 processor itself and to keep that information in any manner that complies with NDOC regulations.
25 Koerner's retrieval of information shall be completed within thirty (30) days from the date of this
26

order unless either party files a motion for extension of time and said motion is granted by this court.

  IT IS FURTHER ORDERED that Koerner's Motions for Extensions of Time (## 329, 333, 334, 336, 338) are hereby DENIED.

  IT IS FURTHER ORDERED that Koerner's Motion to Unseal Exhibits (# 330) is hereby GRANTED.

  IT IS FURTHER ORDERED that Koerner's Motions to Correct Violation of Permanent Injunction (## 322, 323) are hereby DENIED as moot.

  IT IS SO ORDERED.

  DATED this 13th day of November, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE